UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Christine Alicea,

    Plaintiff,

    v.

Corolyn W. Colvin, Acting
Commissioner of Social Security,

    Defendant.

Case No. 2:13–cv–300

Judge Michael H. Watson

Magistrate Judge Mark Abel

## OPINION AND ORDER

Christine Alicea ("Plaintiff") brought this action pursuant to 42 U.S.C. § 405(g) seeking review of an adverse decision of the Commissioner of Social Security ("Commissioner"). This matter is before the Court for consideration of Magistrate Judge Abel's January 17, 2014 Report and Recommendation ("R&R"), ECF No. 16, recommending that the Court affirm the Commissioner's decision. On January 24, 2014, Plaintiff filed Objections to the R&R. ECF No. 17. For the following reasons, the Court **OVERRULES** Plaintiff's Objections, **ADOPTS** the R&R in part, and **AFFIRMS** the Commissioner's decision.

### I. BACKGROUND

Plaintiff applied for social security disability benefits, supplemental security income, and child insurance benefits, alleging disability beginning on January 1, 1983, when she was seven years old. The medical records reflect that Plaintiff

suffers from borderline intellectual functioning, polysubstance abuse disorder, and a major depressive disorder with psychotic features. See ALJ Decision, PAGEID # 61, ECF No. 9.[1]

On January 24, 2012, the Administrative Law Judge ("ALJ") determined that from January 1, 1983 through the date of his decision, January 24, 2012, Plaintiff was not disabled within the meaning of the Social Security Act. Id. at PAGEID # 59. He specifically found that Plaintiff's diagnosis of borderline intellectual functioning does not meet or equal the requirements for intellectual disability as described in Listing 12.05. Id.[2]

On January 17, 2014, the Magistrate Judge recommended that the Court affirm the Commissioner's decision, finding that substantial evidence supports the ALJ's finding that Plaintiff did not meet or equal the requirements of Listing 12.05(C). R&R 28, ECF No. 16. Plaintiff objects on three grounds: (1) Listing 12.05 does not require a diagnosis of mental retardation; (2) she is not required to produce an IQ score obtained before age twenty-two; and (3) the ALJ should have given Dr. Rodio's assessment controlling weight.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b), the Court reviews Plaintiff's Objections to the R&R de novo. The Court may accept, reject, or alter the Magistrate Judge's

---

[1] The R&R provides a detailed overview of the relevant medical records and the evidence offered at the administrative hearing. R&R 2–18, ECF No. 16.

[2] The ALJ did not address polysubstance abuse or major depressive disorders, and the Plaintiff does not object to the Magistrate Judge's decision to do the same.

recommendation as it sees fit. 28 U.S.C. § 636(b)(1). Within the Social Security context, the Court reviews whether substantial evidence supports the Commissioner's decisions and whether the Commissioner made his or her decision pursuant to the applicable standards. *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010).

### III. ANALYSIS

In finding that Plaintiff was not disabled, the ALJ followed the five-step evaluation process outlined in 20 C.F.R. §§ 404.1520 and 416.920. He found that although Plaintiff has not engaged in substantial gainful activity and has severe impairments, her impairments do not meet or equal the severity of one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. ALJ Decision, PAGEID # 61, ECF No. 9. He specifically found that Plaintiff's diagnosis of borderline intellectual functioning does not meet or equal the requirements for an intellectual disability as described in Listing 12.05(C).[3] *Id.*

---

[3] Listing 12.05 states in relevant part:

> 12.05 Intellectual disability: Intellectual disability refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
> . . .
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function . . . .

In affirming the ALJ's decision, the R&R implicitly approved of the ALJ's reasoning regarding the lack of evidence of deficits in adaptive functioning, but it affirmed the ALJ's decision on other grounds. The R&R found that Plaintiff's borderline intellectual functioning does not meet or equal Listing 12.05(C) because she lacked a mental retardation diagnosis. Plaintiff is correct, however, that Listing 12.05(C) does not require a diagnosis of mental retardation. *Sheeks v. Comm'r of Soc. Sec. Admin.*, 544 F. App'x 639, 641 (6th Cir. 2013) ("borderline intellectual functioning, a lesser diagnosis than mental retardation, does not rule out the possibility of a finding of mental retardation [under 12.05C].)." Plaintiff is also correct that she is not required to produce a qualifying IQ score from before the age of twenty-two to fulfill the requirements of Listing 12.05. *West v. Comm'r of Soc. Sec.*, 240 F. App'x. 692, 698 (6th Cir. 2007).

Nevertheless, Plaintiff must still introduce other evidence of deficiencies in "adaptive functioning" during her developmental period. *See West*, 240 F. App'x. at 698. "Adaptive functioning includes a claimant's effectiveness in areas such as social skills, communication, and daily living skills." *Id.* The ALJ found no evidence establishing deficits before age twenty-two, ALJ Decision, PAGEID # 61, ECF No. 9, and the Court agrees. Although Plaintiff asserted that she was in special education classes during grade school and dropped out of the sixth grade, evidence of special education classes and a failure to finish high school is

---

20 C.F.R. Pt. 404, Subpt. P, App. 1. Consistent with earlier versions of this provision, the R&R uses the term "mental retardation" instead of "intellectual disability."

"a mere toehold in the record on an essential element of the listing." *Sheeks*, 544 F. App'x at 642. Plaintiff must show more, such as the inability to care for herself or trouble handling social situations. *Id.* Because Plaintiff has not done so, she has failed to present sufficient evidence of a severe impairment since the age of seven.

Plaintiff's remaining objection, that Dr. Rodio's assessment should have controlling weight, is not well taken. As explained in the R&R, "Dr. Rodio's assessment that plaintiff had a GAF score of 60 supports the administrative law judge's conclusion that she had only mild limitations in functioning." R&R 28, ECF No. 16. Thus, affording Dr. Rodio's assessment more weight would hurt, rather than help, Plaintiff's claim. Plaintiff argues her GAF score is not a valid reason to discredit Dr. Rodio's opinion because Dr. Rodio later opined that Plaintiff's anxiety and depression would likely worsen and that she would be unable to focus consistently and productively. But the ALJ properly gave Dr. Rodio's later opinion less weight because "subsequent treatment notes showed continuing improvement in the claimant's symptomology," indicating that Dr. Rodio's assessment was less relevant as circumstances changed. ALJ Decision, PAGEID # 64, ECF No. 9.

## IV. CONCLUSION

Having performed a *de novo* review of the R&R, the Court finds there is insufficient evidence to indicate that the Plaintiff had deficiencies in adaptive functioning before the age of twenty-two. With the exception of the Magistrate

Judge's finding that Listing 12.05(C) requires a diagnosis of mental retardation, the Court **ADOPTS** the findings of the R&R. Accordingly, the Court **OVERRULES** Plaintiff's Objections, ECF No. 17, and **AFFIRMS the Commissioner's decision**. The Clerk shall enter judgment for Defendant and terminate the case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**